## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN VIANEZ,<br><br>　　Plaintiff,<br><br>v.<br><br>DISTRICT COURT OF<br>OKLAHOMA BUREAU OF<br>PRISONS (sued as OK) (F.D.C.) and<br>OKLAHOMA (U.S.P./E.D.C.)<br>Case No. 13-cv-127-GKF-FHM,<br><br>　　Defendants. | Case No. CIV-15-75-R |

## **ORDER**

Before the Court is Plaintiff's objection to the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell. Doc. No. 8. The deadline for filing an objection was February 18, 2015. Doc. No. 4, at 4. On March 30, the Court entered an Order adopting the Report and Recommendation because Plaintiff, a pro se litigant, had not filed an objection by the deadline or sought an extension of time in which to object. Doc. No. 6. The Court applies a "firm waiver rule," which holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But the waiver rule does not apply when "the interests of justice so dictate." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

In determining whether the interests of justice exception applies, the Court considers the "*pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). The substance of Plaintiff's claim does not support applying this exception because it is unclear how Defendants have breached a contract, as Plaintiff alleges in his complaint, or what Plaintiff means when he alleges that "defendants have violated the summons as well as complaint/oral hearing (A)(2)." Doc. No. 1.

The Court is also not persuaded by his explanation for his failure to file a timely objection. He states that he is late because he has "no access to a law library" and "he only gets 2 hr. in small room with only one book (Black's law dictionary)." Doc. No. 8. But Plaintiff was still able to file a "Declaration of In Forma Pauperis" in this case, written on February 2. Doc. No. 5. He was also able to file three documents in a case in the U.S. District Court for the Western District of Washington that he wrote on February 4 and February 9, two of which contain citations to cases, even though that court declared him a vexatious litigant on February 2 and ordered that no action be taken on any document filed that challenges his convictions in that District. *In re: Juan Vianez*, Case No. 3:15-mc-05000-RJB, Doc. Nos. 3, 5-7.[1] These filings demonstrate that Plaintiff, at the very least, had the opportunity to request an extension of time in which to object, but

---

[1] *See* FED. R. EVID. 201; *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." (citations omitted)).

chose instead to file documents in a case in which the court will likely take no further action.

The Court declines to apply the interests of justice exception to this case. Because his objection is not timely, Plaintiff has waived de novo review by this Court.

IT IS SO ORDERED this 22nd day of April, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE